UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTHONY MILLS, CONNIE DANIELS,
GENETHEL DANIELLE PYE, MELISSA WIGFALL,
MALISA BUTLER, VIRGINIA LARRY, KIMBERLY HARRIS,
MARKIS FLANDERS AND MELISSA WORLEY**

    **Plaintiffs,**

  **vs.**          **CASE NO.: 8:12-cv-1319-T-33AEP**
                 **JURY TRIAL DEMANDED**

**SODEXO, INC.**

     **Defendant**
_____/

## AMENDED COMPLAINT

Plaintiffs, **ANTHONY MILLS ("Mills"), CONNIE DANIELS ("Daniels"),**

**GENETHEL DANIELLE PYE ("Pye"), MELISSA WIGFALL ("Wigfall"), VIRGINA**

**LARRY ("Larry"), KIMBERLY HARRIS ("Harris"), MARKIS FLANDERS**

**("Flanders"), MELISSA WORLEY ("Worley"), and MALISA BUTLER ("Butler")** by and

through undersigned counsel, hereby sue Defendant, **SODEXO, INC. ("Sodexo")** and states as

follows:

This is four (4) count action for Declaratory Relief pursuant Rule 57 and the applicable

provisions of the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202 ("Declaratory

Judgment"); Common Law Fraud in the Inducement; Breach of Contract; Quantum Meruit and

legal and equitable relief for Sodexo's unlawful retaliation in violation of The Florida Civil Right

Act of 1992, Florida Statutes Section 760.01 *et. seq.* ("*FCRA*") and the Fair Labor Standards Act,

as amended, 29 U.S.C. Sec. 215(a) (3) (the "*FLSA*"); and attorney fees and cost.

1.  The Plaintiffs are all residents of Pasco County and were all food service employees of Sodexo.

2.  Defendant Sodexo is a foreign entity authorized to do business in the state of Florida with a principal address in Gaithersburg, Maryland and registered agent in Tallahassee, Florida.

3.  At all material times, Sodexo had more than Four Hundred Thousand (400,000) employees worldwide.

4.  At all material times, Defendant Sodexo was a federal contractor.

5.  Prior to and including July 14, 2010, Rich Vogel was a decision maker for Sodexo and acted within the course and scope of his employment with Sodexo and was an authorized agent of Sodexo.

6.  Prior to and including July 14, 2010, Rich Vogel made decisions with respect to Plaintiffs' terms and condition of employment.

7.  Rich Vogel was an intended beneficiary of the Settlement Agreements which are attached hereto as *Composite Exhibit A*.

8.  Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 as the violations described herein occurred within this judicial district.

9.  This Court has original jurisdiction over the claims for Declaratory Judgment and Retaliation under FLSA and supplemental jurisdiction over the Florida law claims for Settlement Fraud by Inducement, Breach of Contract, and Retaliation under FCRA.

## COUNT I:  DECLARATORY JUDGMENT

10.  Plaintiffs allege paragraphs 1- 9 as though fully stated herein.

11. Pursuant to the Declaratory Judgment Act, this Court may declare the rights and other legal relation of any interested party seeking such declaration.

12.   Defendant Sodexo contracted with Saint Leo University to provide management and operation of food service ("Management Agreement"). Attached hereto as "*Composite Exhibit B*" is the main contract executed during year 2005 and two subsequent amendment executed during years 2008 and 2009 and related correspondence from Saint Leo identifying same.

13.   The Management Agreement provided that:  "*All non-management Food Service Employees shall be Sodexho employees....Sodexho shall not, without [Saint Leo's] prior approval, make any substantial change in wages, fringe benefits or working conditions of non-management Food Service employees....*"

*Composite Exhibit B (bate 001116, section 4.2 of the 2005 contract)*

14.   The 2009 annual amendment referenced above (in paragraph 12), expired on June 30, 2010 and was not renewed.

15.   All Plaintiffs were non-management employees of Sodexo and Saint Leo University, Inc.

16.   On July 7, 2010, Plaintiffs executed Settlement Agreements with Sodexo which included, among other things, the following material changes in the terms and conditions of their employment at Saint Leo University:

> **Non-Monetary Conditions:**  *As part of this Agreement, the Parties agree to work together to improve the overall work environment and the operational efficiency at Sodexo's Saint Leo account.  Specifically, Sodexo agrees to make the following changes **at** its Saint Leo account within one (1) year of the date of this agreement:*
>
> a.     *Designate a new Human Resources representative to the account;*
> b.     *Make several management changes at the account;*
> c.     *Develop and implement regularized job-posting and interview process for hourly positions;*
> d.     *Implement a criminal background check process;*
> e.     *Develop and implement a formal on-boarding process;*
> f.     *Revise certain of Sodexo's policies and procedures applicable to the Unit, including, but not limited to the following, meals, attendance, premium nights, fraternization, and tuition reimbursement;*

3

  *g.  Revise and distribute job descriptions to all employees;*

  *h.  Develop and implement performance goals and unit training plans for all employees, including merit reviews and increases;*

  *i.  Implement daily team huddles; periodic office hours with the General Manager, and quarterly focus groups with the Regional Human Resources Director and General Manager;*

  *j.  Implement an employee recognition program;*

  *k.  Re-introduce Sodexo's Promise of Fair Treatment and Business Abuse Hotline to all employees;*

  *l.  Review the account's current wage scale, amend the account's current wage scale and timing of increases to coordinate with Saint Leo's cycle, and review all employee wages based on revised scale;*

  *m.  Revise procedure for paycheck distribution to all employees;*

  *n.  Conduct diversity training for all frontline and management employees;*

  *o.  Post all available catering opportunities where time permits, develop a regularized process for selecting employees for catering assignments, provide catering training to employees interested in catering, and distribute appropriate catering uniforms; and*

  *p.  Review plaintiffs' personnel files and remove any disciplinary warnings considered unwarranted in the judgment of Vice-President of Human Resources Keysa Minnifield.*

   *See Composite C at (Worley, pg 4 thru 5; and Pye, pg 2).*

17. Sodexo contends that it did not need Saint Leo's prior authorization to negotiate, execute and implement the settlement terms detailed in paragraph 16.

18. The Plaintiffs contend that pursuant to Section 4.2 of the 2005 Management Agreement, Saint Leo required its prior approval for Sodexo to negotiate, execute and implement the settlement terms detailed above in paragraph 16.

19. Plaintiffs contend that under the settlement agreement, Sodexo was required to ensure that Plaintiffs would not have to work with Rich Vogel at Saint Leo.

20. Sodexo contends that it had no duty to transfer Rich Vogel from the Saint Leo location under the Settlement Agreement.

21. An actual and justifiable controversy exists. Also, Sodexo has threatened Plaintiffs and undersigned with Rule 11 sanctions for pursing this law suit against Sodexo.

WHEREFORE, Plaintiffs pray for a judgment of this Honorable Court declaring and adjudicating that:

    a.  pursuant to the Management Agreement: Saint Leo required its prior authorization to negotiate, execute and implement changes in terms and conditions of Plaintiffs' employment at Saint Leo; that the transfer of Rich Vogel (Plaintiffs' manager) was a change in the condition of Plaintiffs' employment;

    b.  Plaintiffs are entitled to reasonable attorney fees and cost for the Declaratory Judgment claim.

## COUNT II: COMMON LAW FRAUD IN THE INDUCEMENT

22. Plaintiffs allege paragraphs 1- 9 as though fully stated herein.

23. All conditions precedent to the maintenance of this claim has been met by Plaintiffs.

24. This claim is for fraud which arose <u>after</u> the execution of the long form Settlement Agreements (July 7, 2010).

25. This claim is based on facts which are separate and distinct from the breach of contract claim.

26. On June 17, 2010 the parties participated in mediation and executed a short form settlement agreement.  *See Exhibit A-1.*

27. On July 7, 2010, Plaintiffs executed the long form settlement agreements. *See Composite Exhibit A.*

28. Seven (7) days later, July 14, 2010, Plaintiffs' right to revoke the long form settlement agreements expired.

29. Seven (7) days later, July 21, 2010, Sodexo delivered the settlement checks and Plaintiffs cashed the checks.

30. Plaintiffs objected to the late delivery of the settlement checks which were delivered <u>after</u> the revocation deadline.

31. On July 30, 2010**,** Sodexo disclosed to Plaintiffs that Saint Leo terminated the food service contract with Sodexo.

32. By July 14, 2010, Sodexo withheld material past and present facts:

    a.   Sodexo failed to disclose that it had an annual contract with Sodexo that expired on June 30, 2010 and that Saint Leo exercised its option not to renew the Food Service contract for the new term beginning on July 1, 2010;

    b.   Sodexo failed to disclose that it did not have a binding annual Food Service contract with Saint Leo for the upcoming 2010-2011 academic year (which began in August 2010);

    c.   Sodexo failed to disclose that the annual contract addressed re-negotiated financial terms. The financial terms covered Food Service operational cost. The operational cost included the cost of any changes in terms and conditions of Plaintiffs' employment at Saint Leo;

    d.   Sodexo failed to disclose that <u>Saint Leo</u> was responsible for paying for changes in terms and conditions of Plaintiffs' employment;

    e.   Sodexo failed to disclose that it needed Saint Leo's prior authorization to materially perform under  the long form settlement agreements and that Sodexo did not have such authorization on July 14, 2010;

33. Sodexo withheld the material facts detailed above in paragraph 32 with the intent to cause the plaintiffs to rely on the omissions.

34. Sodexo actually caused detrimental reliance by Plaintiffs because Plaintiffs relied on the omissions and waived their right to revoke the long form settlement agreements by July 14, 2010.

35. But for the material omissions, Plaintiffs would have substantially changed their position and revoked the long form settlement agreements by July 14, 2010.

36. Sodexo actually caused detrimental reliance by Plaintiffs because Plaintiffs relied on the omissions and accepted the settlement checks on July 21, 2010 and cashed the checks.

37. But for the material omissions, Plaintiffs would have substantially changed their position and would not have accepted the reduced settlement proceeds in exchange for the dismissal of their retaliation and discrimination claims. Those claims included punitive damages against all Defendants and claims against Rich Vogel.

38. At the time the omissions[1] were made, Sodexo possessed the requisite scienter for purposes of fraud because it: deliberately and knowingly made the omissions, or was reckless or careless as to the truth of the omissions.

39. Plaintiffs' were justified in relying on the omissions in making their revocation decision and in making their decision to accept and cash the settlement checks.

40. The Plaintiffs' reliance was reasonable and Plaintiffs had a right to rely on the omissions.

41. The Plaintiffs have been injured by Sodexo's material factual omissions and Plaintiffs' damages resulting from the Fraud are separate and distinguishable from the measure of recovery sought for their Breach of Contract claim.

---

[1] The Eleventh Circuit recognizes that a misrepresentation can also be characterized as an omission and that the terms are used interchangeably. *See Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999).*

WHEREFORE,  Plaintiffs request that the court accept jurisdiction of this Fraud claim, grant Plaintiffs a trial by jury, find that Defendant Sodexo has violated the laws specified herein and award general compensatory damages in the amount of $1,150,000.00 for emotional upset, humiliation, insult, embarrassment, tension, irritability and shame; and award Plaintiffs attorney fees and cost[2].

## COUNT III: BREACH OF THE LONG FORM SETTLEMENT AGREEMENT

42. Plaintiffs allege paragraphs 1- 9 as though fully stated herein.

43. On June 17, 2010 the parties participated in mediation and executed a short form settlement agreement.

44. On July 7, 2010 the parties entered into written long form Settlement Agreement. See *Composite Exhibit A.*

45. All conditions precedent to the maintenance of this claim has been met by Plaintiffs;

46.  Plaintiffs performed their obligations under the contract;

47.  Sodexo was obligated to perform under the Settlement Agreements.

48. Sodexo breached the settlement agreements by failing to work together with the Plaintiffs to improve the overall work environment and the operational efficiency at Sodexo's Saint Leo account.

49. Sodexo breached the settlement agreements by failing to make material changes at its Saint Leo account within one (1) year of the date of the Settlement Agreements.

50. Sodexo breached the settlement agreements by failing to provide promotion opportunities to Plaintiffs Mills, Larry and Flanders.

_____

[2] Plaintiffs will amend the fraud claim pursuant to Florida Statute 768.72 after a reasonable showing of evidence which would provide a reasonable basis for recovery for punitive damages.

51. Sodexo breached the settlement agreements by failing to continue Plaintiffs' employment at Saint Leo (except Flanders and Harris).

52. Plaintiffs Pye, Butler and Daniels are third party beneficiaries of the respective settlement agreements between Plaintiffs Mills, Larry, Wigfall, and Worley.

53. The settlement agreements between Plaintiffs Flanders, Harris, Mills, Larry, Wigfall and Worley and Defendant Sodexo were intended by them to benefit Plaintiffs Pye, Butler and Daniels.

54. Plaintiffs Pye, Butler and Daniels negotiated directly with Sodexo for the non-monetary terms detailed above in Paragraph 16 and those terms would directly benefit them.

55. All Plaintiffs have been damaged by the breach.

WHEREFORE, Plaintiffs request that the court accept jurisdiction of this claim, grant Plaintiffs a trial by jury, find that Defendant Sodexo has violated the laws specified herein and award $600,000 for loss wages and lost chance or opportunity for the Breach of Contract and reasonable attorney fees and cost.

## COUNT IV:  QUANTUIM MERUIT

56. Plaintiffs allege paragraphs 1- 9 as though fully stated herein.

57. Plaintiffs conferred a benefit on Sodexo:  Plaintiffs dismissed their First Discrimination Lawsuit and as a part of their settlement agreement with Sodexo, agreed to work together with Sodexo at Saint Leo to improve the overall work environment and the operational efficiency at Sodexo's Saint Leo account.

58. Sodexo was aware that Plaintiffs expected continuous employment at the Saint Leo account for at least one academic year after the settlement agreement was executed because:

a.   the Plaintiffs were unemployed at the time they negotiated the non-monetary conditions with Sodexo;

b.   the parties agreed to make changes at the account over a one year period, and

c.   the parties long term customary dealing with each other demonstrate that Sodexo has knowledge that Plaintiffs expected continued employment after the execution of the settlement agreements;

d.   the Plaintiffs worked exclusively on Saint Leo's campus and Sodexo did not assign Plaintiffs to work at other accounts;

e.   the Parties negotiated the settlement terms during June 2010 and early July 2010, and during the same time, Plaintiffs were laid off by Sodexo;

f.   historically, there were no food serving- days available to work at Saint Leo during the months of June and July and during the first week of August;

g.   on April 16, 2010, Sodexo issued a customary lay-off notice indicating that the food service workers would be laid off during the summer months but were required to be available to work at Saint Leo if needed; and were required to call Sodexo's management  by a date certain to secure their position for the upcoming fall/school term;

h.   it was also customary for Sodexo to hold the Plaintiffs' timecards for the time worked during the summer and to pay those workers during the new school year instead of during the summer so the workers could keep unemployment benefits received during the summer.

59.     Sodexo has knowledge of the benefits and has accepted and/or retained the benefit

conferred; and the circumstances are such that it would be inequitable for Sodexo to retain the

benefit without paying fair value for it.

WHEREFORE, Plaintiff request that the court accept jurisdiction of this claim for Quantum

Meruit, grant Plaintiffs a trial by jury and requests any and all damages this Court deems

appropriate and attorney's fees and cost.

### COUNT V: RETALIATION CLAIM UNDER FLSA AND FCRA.

60. Plaintiffs allege paragraphs 1- 9 as though fully stated herein.

61. This claim for retaliation arose after the parties executed the long form settlement

agreements on July 7, 2010.

62. All conditions precedent for the filing of this action before this Court has been met. The

Plaintiffs, excluding Anthony Mills, Markis Flanders and Malisa Butler, received a Right to

Sue from the EEOC, dated March 15, 2012[3].

63. Plaintiffs Mills, Flanders and Butler only assert a claim for Retaliation under FLSA and do

not assert a claim under FCRA.

64. Plaintiffs are members of a class of persons protected from unlawful actions related to their

employment under FCRA and FLSA.

65. The Plaintiffs participated in protected activity by executing the long form settlement

agreements on July 7, 2010 which included negotiated terms and conditions to improve their

working conditions at Saint Leo University and by participating in proceedings related to

the First Discrimination Law Suit. Such activities are protected under FCRA and FLSA.

_____

[3] Plaintiffs' notices of right to sue are in the record at Doc. 1-1, Pg ID 11-16.

11

66.  Sodexo immediately became aware of Plaintiffs' participation in the protected activities.

67. Defendant Sodexo unlawfully retaliated against Plaintiffs for participating in the protected activities by, among other things:

    a.  failing to provide Plaintiffs with transfer opportunities at Saint Leo University or another substantially similar workplace at a reasonable geographical location (excluding Plaintiffs Harris & Flanders);

    b.  breaching the long form settlement agreements;

    c.  fraudulently inducing Plaintiffs into waiving their right to revoke the settlement agreements by July 14, 2010; and

    d.  fraudulently inducing Plaintiffs into accepting and cashing settlement checks.

68. Plaintiffs' adverse treatment in the terms and conditions of their employment is causally linked to their statutorily protected activity.

69. As a result of Defendant Sodexo's actions, Plaintiffs have suffered damages including, but not limited to, compensation for lost wages, lost chance or opportunity, termination, lost benefits and other enumerations, emotional upset, humiliation, insult, embarrassment, tension, irritability, shame; and award of Plaintiffs attorney fees and cost.

70. Defendant's retaliation damaged Plaintiffs and violated Title VII, Section 1981, FLSA, Executive Order 112466, the Florida Whistleblower Act and FCRA.

      WHEREFORE, Plaintiffs ask the court to accept jurisdiction in this case, grant Plaintiffs a trial by jury, find that Defendant Sodexo has violated FLSA and FCRA and award payment of general compensatory damages in the amount of $1,150,000.00, lost wages in the amount of $600,000., punitive damages in the amount of $2,300,000.00 (as to FLSA only) and other

remunerations allowable at law and attorneys' fees and costs and provide any other remedy the

court deems just and proper.

       Dated this 1st day of November, 2012.

                                   Respectfully submitted,

                                   /s/ Sonia Lawson
                                   _____
                                   Sonia C. Lawson, 0186678
                                   100 North Tampa Street, Suite 2435
                                   Tampa, Florida 33679-2901
                                   (813) 221-8383
                                   (813) 443-5397 Fax
                                   (813) 902-6035 e-fax
                                   soniaclawson@aol.com
                                   Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of this amended complaint was

electronically mailed to Amanda E. Ballard, mandi.ballard@oglrtreedeakins.com and Helen

Palladeno, Helen.palladeno@ogletreedeakins.com, Ogletree, Deakins, Nash, Smoak & Stewart,

P.C. 100 North Tampa Street, Suite 3600 Tampa, FL33602, attorneys for Sodexo, Inc. on

November 1, 2012.

/s/ Sonia C. Lawson
