```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ANTHONY MILLS, ET AL.,

        Plaintiffs,

v.                             Case No. 8:12-cv-1319-T-33AEP

SODEXO, INC., ET AL.,

        Defendants.
_____/

## ORDER

Now before the Court is Plaintiffs' Unopposed Motion for Partial Voluntary Dismissal with Prejudice as to Count III for Quantum Meruit & Count IV for FLSA Retaliation (Doc. # 103), filed July 19, 2013. Plaintiffs state that the motion is unopposed by Defendant Sodexo, Inc. (Id. at 102). Upon due consideration, the Court grants the motion.

## Discussion

Plaintiffs initiated this action against Sodexo on June 12, 2012. (Doc # 1). On March 9, 2013, after obtaining leave of Court, Plaintiffs filed their Second Amended Complaint (Doc. # 59), alleging common law fraud in the inducement (Count I), breach of the July 2010 Settlement Agreement (Count II), quantum meruit (Count III), and retaliation under the Fair Labor Standards Act (Count IV).

On July 19, 2013, Plaintiffs moved the Court to allow Plaintiffs to voluntarily dismiss Count III and Count IV of the Second Amended Complaint, with prejudice. (Doc. # 102). Because the motion is unopposed by Sodexo, and because the Court finds that Sodexo will not be prejudiced by such dismissal, the Court finds it appropriate to dismiss Count III for quantum meruit, and Count IV for retaliation in violation of the FLSA.

With Count III and Count IV dismissed pursuant to Plaintiffs' request, only claims of fraud in the inducement and breach of contract remain. The remaining claims are both state law claims. The Court *sua sponte* may raise a jurisdictional defect at any time. Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992). The state law claims were previously before the court as supplemental claims, supported by Plaintiffs' FLSA federal question claim. See 28 U.S.C. § 1367(a). However, with the dismissal of Plaintiffs' federal claim, there remains no original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims. See Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997).

"The dismissal of a plaintiff's underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims." Fisher v. SP One, Ltd., No. 8:11-cv-1889, 2013 WL 268684 (M.D. Fla. Jan. 24, 2013) (internal quotation omitted). Instead, pursuant to 28 U.S.C. § 1367(c), "the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction, but the court is not required to dismiss the case." Id. (citing Baggett, 117 F.3d at 1352). However, "[w]here § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Baggett, 117 F.3d at 1353.

In light of the fact that "state courts, not federal courts, should be the final arbiters of state law," Ingram v. School Bd. of Miami-Dade County, 167 F. App'x 107, 108 (11th Cir. 2006), the Court is disinclined to exercise supplemental jurisdiction over the remaining state law claims. However, the Court will allow the parties until July 31, 2013, to advise the Court as to any "considerations of judicial economy, convenience, fairness,

3

[or] comity" that should influence this Court's decision regarding the exercise of supplemental jurisdiction. Baggett, 117 F.3d at 1353. Furthermore, if an independent basis for original federal jurisdiction exists, Plaintiffs shall advise the Court of the independent basis on or before July 31, 2013. If the parties fail to respond to this Order, the Court will dismiss this action without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**

(1) Plaintiffs' Unopposed Motion for Partial Voluntary Dismissal with Prejudice as to Count III for Quantum Meruit & Count IV for FLSA Retaliation (Doc. # 103) is **GRANTED**.

(2) The parties are directed to advise the Court, on or before July 31, 2013, of any circumstances that may impact the Court's decision regarding the exercise of supplemental jurisdiction over the state law claims.

(3) If an independent basis for original federal jurisdiction exists, Plaintiffs shall advise the Court regarding that independent basis on or before July 31, 2013.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record