UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MILLS, ET AL.,

        Plaintiffs,

v.                              Case No. 8:12-cv-1319-T-33AEP

SODEXO, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. Because only state law claims now remain in this action, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiffs' fraud in the inducement and breach of contract claims. Accordingly, this case is dismissed without prejudice.

**I.   Background**

Plaintiffs Anthony Mills, Connie Daniels, Genethel Danielle Pye, Melissa Wigfall, Virginia Larry, Melissa Worley, Malisa Butler, Kimberly Harris, and Markis Flanders initiated this action against Defendant Sodexo, Inc. on June 12, 2012. (Doc. # 1). On March 9, 2013, after obtaining leave of Court, Plaintiffs filed their Second Amended Complaint, alleging common law fraud in the

inducement (Count I), breach of the July 2010 Settlement Agreement (Count II), quantum meruit (Count III), and retaliation under the Fair Labor Standards Act (Count IV).[1] (Doc. # 59). On July 22, 2013, the Court granted Plaintiffs' unopposed motion to voluntarily dismiss Count III and Count IV of the Second Amended Complaint, with prejudice. (Doc. # 103). With Count III and Count IV dismissed pursuant to Plaintiffs' request, only the state law claims of fraud in the inducement and breach of contract remain.

In its July 22, 2013, Order, the Court instructed the parties to advise the Court, on or before July 31, 2013, of any circumstances that might "impact the Court's decision regarding the exercise of supplemental jurisdiction over the state law claims." (Id. at 4). The Court also stated, "If an independent basis for original federal jurisdiction exists, Plaintiffs shall advise the Court regarding that independent basis on or before July 31, 2013." (Id.).

On July 30, 2013, Plaintiffs responded to the Court's Order, stating:

> There is no independent basis for original federal jurisdiction for the non-diverse state

---

[1] The Second Amended Complaint does not include Kimberly Harris or Markis Flanders as Plaintiffs in this action.

> law claims. In the absence of Plaintiffs' federal claim, the Court should decline to exercise supplemental jurisdiction over the non-diverse state law claims and dismiss them without prejudice to being refiled in the appropriate Florida state court in accord with the criteria embodied in § 1367(c)(1-4).

(Doc. # 118 at 1). Sodexo filed its response to the Court's Order on July 31, 2013, and requested that this Court retain supplemental jurisdiction over this case to its resolution. (Doc. # 120).

## II. **Legal Standard**

The Court *sua sponte* may raise a jurisdictional defect at any time. Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992). "[I]n any civil action of which the district courts have original jurisdiction," district courts also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over such a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

3

"The dismissal of a plaintiff's underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims." Fisher v. SP One, Ltd., No. 8:11-cv-1889, 2013 WL 268684, at *10 (M.D. Fla. Jan. 24, 2013) (internal quotation omitted). Instead, pursuant to 28 U.S.C. § 1367(c), "the [c]ourt has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction, but the court is not required to dismiss the case." Id. (citing Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997)). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Baggett, 117 F.3d at 1353.

Although a district court may choose to exercise supplemental jurisdiction and retain a case, "state courts, not federal courts, should be the final arbiters of state law." Ingram v. Sch. Bd. of Miami-Dade Cnty., 167 F. App'x 107, 108 (11th Cir. 2006); see also Hicks v. Moore, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) ("Certainly, if the federal claims are dismissed before trial, . . . the state

4

claims should be dismissed as well.") (internal quotation and citation omitted); <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

### III. <u>Analysis</u>

The state law claims in this action were previously before the Court as supplemental claims, supported by Plaintiffs' FLSA federal question claim. <u>See</u> 28 U.S.C. § 1367(a). However, with the dismissal of Plaintiffs' FLSA claim, there remains no original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims. <u>See</u> <u>Baggett</u>, 117 F.3d at 1352.

Plaintiffs state that complete diversity does not exist in this case. (Doc. # 118 at 1). Accepting counsel's claim as true, the Court finds that it lacks diversity jurisdiction pursuant to 28 U.S.C § 1332(a) over the remaining claims.

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." <u>Raney</u>, 370 F.3d at 1088-89. As stated above, considerations of judicial economy, convenience,

fairness, and comity may influence the Court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353. While dismissal may inconvenience the parties, such inconvenience does not justify retaining jurisdiction over claims that should be decided by state courts. The parties have not provided the Court with an independent basis for original federal jurisdiction and, therefore, in light of the often articulated preference for state courts to be the final arbiters of state law, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**

Pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Counts I and II are hereby **DISMISSED** without prejudice. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of August, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record